

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 23, 1963

Mr. John S. Hovenga
Executive Director
Board of Regents
State Teachers Colleges
Box K, Capitol Station
Austin 11, Texas

Opinion No. C-83

Re: Whether the term "annuities"
as used in Article 6228a-5,
Vernon's Civil Statutes,
embraces group annuities
as well as individual an-
nuity contracts. Should
the board of regents of
the institutions of higher
learning hold the master
contract in the name of
the board of regents of
the respective institutions
or should contracts be is-
sued in the name of the
annuitant only, even if
the contract is classified
as a group annuity.

Dear Mr. Hovenga:

The questions submitted in your opinion request are
as follows:

"(1)  Does the term 'annuities' as used in
the statute referred to in the caption (Article
6228a-5, Vernon's Civil Statutes) embrace group
annuities as well as individual annuity contracts?

"(2)  Shall the board of regents of the in-
stitutions of higher learning hold the master
contract in the name of the board of regents of
the respective institutions of higher learning,
or shall contracts be issued in the name of the
annuitant only, even if the contract is classified
as a group annuity?"

Article 6228a-5, Vernon's Civil Statutes, reads as
follows:

-404-

"Local Boards of Education of the Public
Schools of this state and the Governing Boards
of the state-supported institutions of higher
education are hereby authorized to enter into
agreements with their employees for the purchase
of annuities for their employees as authorized
in Section 403(b) of the Internal Revenue Code
of 1954, as amended."

In regard to your first question, Article 6228a-5,
Vernon's Civil Statutes, does not limit the term "annuities"
to either group or individual annuities.  However, Article 6228a-5
refers to Section 403(b) of the Internal Revenue Code.  In Sec-
tion 403(b) and the Internal Revenue Regulations for that Section
and related Sections, no distinction has been drawn between group
annuities and individual annuity contracts.  Since the general
term "annuities" has not been limited in either of these statutes,
the Legislature must have intended the term to embrace both group
and individual annuities.  In the absence of evidence to the con-
trary, common terms used in an enactment should be given their
common meaning.  2 Sutherland Statutory Construction (3rd Ed.
1943) 429.

As to your second question, Article 6228a-5 states
that the board may enter into agreements with their employees
for the purchase of annuities for their employees as "authorized
in Section 403(b) of the Internal Revenue Code of 1954, as amend-
ed."  (Emphasis added).  This evidences the intent that these
annuities would be set up in a manner in which they would be "tax-
sheltered" annuities under the Internal Revenue Code and Regula-
tions.  The question which you have posed to us is one of mechanics
in the setting up of such a plan.  In setting up your plan, you
should discuss the details with representatives of the Internal
Revenue Service and submit proposed plans to them for approval.

## S U M M A R Y

The term "annuities" as used in Article 6228a-5,
Vernon's Civil Statutes, embraces group annuities as
well as individual annuity contracts.  Whether the an-
nuity contract should be held in the name of the Board
of Regents of the school or in the name of the individual
employees is a matter that you should discuss with the
representatives of the Internal Revenue Service and sub-
mit plans to them for approval.

Sincerely,

WAGGONER CARR
Attorney General

*Jack S. Norwood*

By:
Jack G. Norwood
Assistant

JGN:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
James M. Strock
Wayne Rogers
Pat Bailey
Ben Harrison

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone